UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MILAGROS R. SURATOS, | ) | |
| Petitioner, | ) | 2:10-cv-01010-PMP-RJJ |
| vs. | ) | **ORDER** |
| SHERYL FOSTER, *et al.*, | ) | |
| Respondents. | ) | |

Petitioner has filed a motion for an extension of time in which to file a reply to respondents' answer. (ECF No. 15). Petitioner seeks a 45-day enlargement of time, up to and including April 30, 2011, to file a reply. Having reviewed the motion and good cause appearing, petitioner's motion for an extension of time is granted.

Petitioner has also filed a motion for the appointment of counsel. (ECF No. 14). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the

petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). The petition on file in this action is well-written and sufficiently clear in presenting the issues that petitioner wishes to bring. The issues in this case are not complex. Counsel is not justified in this instance and the motion is denied.

**IT IS THEREFORE ORDERED** that petitioner's motion for an extension of time to file a reply (ECF No. 15) is **GRANTED.** The reply shall be filed on or before **April 30, 2011.**

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (ECF No. 14) is **DENIED.**

Dated this 23rd day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE

2