**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MILAGROS R. SURATOS,

Petitioner,

vs.

SHERYL FOSTER, *et al.*,

Respondents.

2:10-cv-01010-PMP-NJK

**ORDER**

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. This matter comes before the Court on the merits of the petition.

**I. Procedural History**

On April 18, 2007, the State charged petitioner with exploitation of an older person and neglect of an older person causing substantial bodily harm. (Exhibit 2).[1] The case proceeded to a jury trial, and petitioner was convicted of both charges on November 20, 2008. (Exhibit 69). The judgment of conviction was filed on January 21, 2009. (Exhibit 74). Petitioner was sentenced to a

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 10-13.

term of 24 to 96 months imprisonment on Count I, and 24 to 60 months imprisonment on Count II, with the terms running concurrently. (*Id.*). Petitioner was further ordered to pay restitution in the amount of $22,000.00. (*Id.*).

Petitioner appealed her conviction to the Nevada Supreme Court. (Exhibit 80). On May 7, 2010, the Nevada Supreme Court affirmed the conviction and denied petitioner's direct appeal on the merits. (Exhibit 109). Petitioner did not file a state habeas petition. On June 24, 2010, this Court received petitioner's federal habeas petition. (ECF No. 1). Respondents filed an answer. (ECF No. 9). Although petitioner was granted the opportunity to do so, petitioner did not file a reply to the answer. (*See* ECF No. 4, at p. 2).

**II. Federal Habeas Corpus Standards**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from

a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)). The formidable standard set forth in section 2254(d) reflects the view that habeas corpus is "'a guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. ___, ___, 131 S.Ct. 770, 786 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409). In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

In a federal habeas proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the burden set in § 2254(d) and (e) on the record that was before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1400 (2011).

/ / / / / / / / / / /

/ / / / / / / / / / /

**III. Discussion**

**A. Ground One**

Petitioner asserts that the state district court erred in failing to dismiss potential juror #12 for cause, thus violating her due process rights. Petitioner's contention lacks merit because she has failed to rebut the state court's presumptively correct finding that the challenged juror could serve fairly and impartially. *See* 28 U.S.C. 2254(e)(1); *Greene v. Georgia*, 519 U.S. 145, 146 (per curium) ("federal courts must accord a presumption of correctness to state courts' finding of juror bias."). In addressing this claim, the Nevada Supreme Court ruled as follows:

> Appellant Milagros R. Suratos claims that the district court erred in denying her challenge to a member of the venire for cause. The decision whether to remove a prospective juror for cause lies within the broad discretion of the district court. Weber v. State, 121 Nev. 554, 580, 119 P.3d 107, 125 (2005). We conclude that the district court did not err because the prospective juror did not express an opinion regarding the merits of the case and was able to confidently state that, despite her sympathy for vulnerable seniors, she could be a fair and impartial juror and her sympathy would not influence her verdict. See id. at 581, 119 P.3d at 125 (discussing that it would not be error to deny challenge when prospective juror relinquishes previous statement at odds with duty as impartial juror).

(Exhibit 109, at p. 1). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet the burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Habeas relief on Ground One of the federal petition is denied.

**B. Ground Two**

Petitioner asserts that the State was estopped from charging her with exploitation in light of the findings of the probate court, in violation of her due process rights. Petitioner does not identify which findings of the probate court she believes were binding on the State and she fails to provide any documentation of the probate proceedings. The record reveals that the probate court did not

make any factual findings regarding the victim's competency, the validity of the victim's will, or any other matter related to petitioner's criminal case. (Exhibit 61, at p. 69 (no factual findings made at competency hearing); Exhibit 63, at pp. 129, 134 (no factual findings made regarding the validity of the victim's will in the probate settlement).

Even if the probate court had made factual findings, the doctrine of collateral estoppel is not applicable where, as here, one of the parties in the present litigation was not a party in the former litigation. *Wilson v. Belleque*, 554 F.3d 816, 830 (9th Cir. 2009) ("Collateral estoppel, or issue preclusion, 'means simply that when an issue of ultimate fact has once been determined by a valid and final judgment that issue cannot be litigated *between the same parties* in any future lawsuit.'" (citation omitted) (emphasis added). Respondents were not parties to the matter litigated in the probate court, thus the doctrine of collateral estoppel is not applicable in this case. The Nevada Supreme Court rejected petitioner's claim as follows:

> Suratos claims that the doctrine of collateral estoppel precluded the State from pursing the exploitation charge. This claim lacks merit because no issues of fact or law were litigated and determined by the probate court that approved the settlement of the will contest brought by the victim's heirs. See Yates v. United States, 354 U.S. 298, 335 (1957) (confirming that doctrine, if applicable, may bar subsequent criminal case even when prior proceedings were civil), overruled on other grounds by Burks v. Unite States, 437 U.S. 1, 18 (1978); see also Five Star Capital Corp. v. Ruby, 124 Nev. ___, ___, 194 P.3d 709, 713 (2008) (explaining the four factors necessary for issue preclusion to apply).

(Exhibit 109, at p. 2). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet the burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Habeas relief is denied on Ground Two of the federal petition.

/ / / / / / / / / / / /

**C. Grounds Three and Four**

In Grounds Three and Four, petitioner asserts that there was insufficient evidence presented at trial to support the convictions of neglect causing substantial bodily harm of an older person and exploitation of an older person.

When a habeas petitioner challenges the sufficiency of evidence to support his conviction, the court reviews the record to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Jones v. Wood*, 207 F.3d 557, 563 (9th Cir. 2000). The *Jackson* standard does not focus on whether a correct guilt or innocence determination was made, but whether the jury made a rational decision to convict or acquit. *Herrera v. Collins*, 506 U.S. 390, 402 (1993). Under the *Jackson* standard, the prosecution has no obligation to rule out every hypothesis except guilt. *Wright v. West*, 505 U.S. 277, 296 (1992) (plurality opinion); *Jackson*, 443 U.S. at 326; *Schell*, 218 F.3d at 1023. *Jackson* presents "a high standard" to habeas petitioners claiming insufficiency of the evidence. *Jones v. Wood*, 207 F.3d 557, 563 (9th Cir. 2000).

Sufficiency claims are limited to a review of the record evidence submitted at trial. *Herrera*, 506 U.S. at 402. Such claims are judged by the elements defined by state law. *Jackson*, 443 U.S. at 324, n.16). The reviewing court must respect the exclusive province of the fact-finder to determine the credibility of witnesses, to resolve evidentiary conflicts, and to draw reasonable inferences from proven facts. *United States v. Hubbard*, 96 F.3d 1223, 1226 (9th Cir. 1996). The district court must assume the trier of fact resolved any evidentiary conflicts in favor of the prosecution, even if the determination does not appear on the record, and must defer to that resolution. *Jackson*, 443, U.S. at 326. The United States Supreme Court has recently held that "the only question under *Jackson* is whether [the jury's] finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S.Ct. 2060, 2065, ___U.S. ___ (per curium) (2012).

Regarding the crime of neglect of an older person causing substantial bodily harm, the elements of the crime are: (1) the failure to provide services necessary to maintain the physical or mental health, (2) of an older person 60 years of age or older, (3) by a person who has assumed a legal or contractual obligation to care for the older person, (4) resulting in substantial bodily harm to the older person. *See* NRS 200.5092(4); NRS 200.5099(2). The evidence presented at trial included testimony establishing the following: Petitioner's and the victim's longtime friend Jerry Bruan signed a contract to care for the victim. (Exhibit 63, at pp. 166, 168). The victim was over 80 years old during the relevant time period. (Exhibit 64, at p. 80). Petitioner administered excessive doses of an unprescribed blood thinner to the victim. (Exhibit 54, at pp. 149, 157-58). Petitioner gave the victim 8 ounces of vodka a day, despite the victim's history of alcohol abstention. (Exhibit 54, at p. 153; Exhibit 61, at pp. 149-50). The victim was found with a marijuana derivative in his system while under petitioner's care. (Exhibit 54, at p. 212). Petitioner was informed that the victim was a suicide risk. (Exhibit 61, at pp. 185-86). Petitioner failed to secure the victim's sleeping medication, permitting him to attempt suicide. (Exhibit 64, at p. 42). Petitioner's neglectful actions resulted in substantial bodily harm to the victim. (Exhibit 54, at p. 158) (victim had risk of spontaneous bleeding and heart attack due to blood thinner); Exhibit 54, at p. 168 (victim's bruising following a fall was accelerated by blood thinner); Exhibit 55, at p. 100 (victim in "critical and unstable" condition when admitted to the hospital after his fall); Exhibit 54, at p. 207 (victim faced risk of death due to sleeping pill overdose); Exhibit 64, at pp. 42-44 (explaining that petitioner's neglect resulted in substantial bodily harm to the victim). The record shows that sufficient evidence was presented at trial for a rational trier of fact to find petitioner guilty beyond a reasonable doubt of the crime of neglect of an older person causing substantial bodily harm.

The elements of a category B felony crime of exploitation of an older person are: (1) converting or obtaining control through deception, intimidation, or undue influence, (2) money, assets, or property, (3) with a value of $5,000.00 or more, (4) of an older person 60 years of age or

older, (5) with the intent to permanently deprive the older person of ownership, use, benefit, or possession of the property, (6) by a person who has the trust and confidence of the older person. NRS 200.5092(2); NRS 200.5099(3)(c). The evidence presented at trial included testimony establishing the following: The victim was over 80 years old during the relevant period (Exhibit 64, at p. 80). Petitioner gained the trust and confidence of the victim. (Exhibit 61, at pp. 226-27). Petitioner told the victim that mutual acquaintance Jerry Braun was trying to take the victim's money and send him to a nursing home. (Exhibit 61, at p. 239). Petitioner threatened to send the victim back to a nursing home. (Exhibit 58, at p. 16; Exhibit 63, at p. 169). The victim was dependent on petitioner and petitioner manipulated the victim to her advantage. (Exhibit 61, at p. 226). Petitioner opened a joint bank account with the victim. (Exhibit 55, at p. 202). Petitioner withdrew over $6,200.00 of the victim's money from the joint account. (Exhibit 55, at p. 211). Petitioner removed gold coins and other valuables from the victim's residence. (Exhibit 63, at p. 199). Petitioner used secrecy, fear, and isolation to financially exploit the victim. (Exhibit 64, at pp. 35-41). The record shows that sufficient evidence was presented at trial for a rational trier of fact to find petitioner guilty beyond a reasonable doubt of the category B felony of exploitation of an older person.

Moreover, in rejecting petitioner's claims of insufficiency of the evidence, the Nevada Supreme Court ruled:

> Suratos claims that insufficient evidence was adduced at trial to support the convictions. When reviewing the sufficiency of the evidence, we determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Rose v. State, 123 Nev. 194, 202, 163 P.3d 408, 414 (2007) (internal quotation marks omitted). The jury was presented with evidence that Suratos (1) intentionally administered the 88-year-old victim excessive doses of narcotics, an unprescribed blood thinner, and alcoholic spirits, (2) knowingly failed to secure the depressed victim's medications, enabling him to access them and attempt suicide, (3) waited over 12 hours before obtaining medical care for the victim after he suffered a fall that fractured his pelvis, caused severe bruising, and was accompanied by gastrointestinal bleeding, (4) gained the trust and confidence of the victim, (5) exploited his fears of going to a nursing home, (6) took control over all of the victim's assets within a short

> period of time after taking over his care, and (7) withdrew over $7,000.00 from the victim's account for her own purposes. The jury was also presented evidence that the victim suffered substantial bodily harm as a result of Suratos' actions. We conclude that a rational juror could have found, beyond a reasonable doubt, that Suratos committed neglect of an older person causing substantial bodily harm, see NRS 200.5092(4); NRS 200.5099(2), (7), and exploitation of an older person, see NRS 200.5092(2); 200.5099(3)(c). It is for the jury to determine the weight and credibility to give conflicting testimony, Bolden v. State, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981), and we decline Suratos' invitation to depart from our precedent on this issue by conducting an independent evaluation of the evidence to resolve conflicting evidence differently from the jury. The jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdicts. See id.; see also McNair v. State, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

(Exhibit 109, at pp. 2-3). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet the burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court denies habeas relief on Grounds Three and Four of the federal petition.

**D. Ground Five**

Petitioner asserts that the state district court erred in refusing five jury instructions proposed by the defense, in violation of due process.

To obtain federal habeas relief based on an improper jury instruction, petitioner must establish that the instruction so infected the entire trial that the resulting conviction violates due process. *Masoner v. Thurman*, 996 P.3d 1003, 1006 (9th Cir. 1993); *Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *Henderson v. Kibbe,* 431 U.S. 145, 154 (1977). Demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the Constitutional validity of a state court's judgment requires the court to determine "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," not whether the instruction is "undesirable, erroneous, or even universally condemned." *Henderson v. Kibbe,* 431 U.S. at 154

(citations omitted); *Estelle v. McGuire,* 502 U.S. 62, 72 (1991). In reviewing jury instructions, the court inquires as to whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation. *U.S. v. Garcia-Rivera,* 353 F.3d 788, 791 (9th Cir. 2003) (citing *United States v. Frega,* 179 F.3d 793, 806 n.16 (9th Cir. 1999) (internal citations omitted). The question is whether an instruction so infected the entire trial that the resulting conviction violated due process. *Estelle*, 502 U.S. at 72. An instruction may not be judged in isolation, "but must be considered in the context of the instructions as a whole and the trial record." *Id.* Furthermore, jurors are presumed to follow the instructions that they are given. *U.S. v. Olano,* 507 U.S. 725, 740 (1993).

In the instant case, petitioner has failed to provide this Court with the proposed instructions, or show that the proposed instructions were warranted by law. Petitioner has not explained how the proposed instructions were related to the defense theory presented at trial. Petitioner has not explained how or established that she was prejudiced by the omission of the proffered jury instructions. Petitioner has not shown that the omission of the proposed jury instructions had a substantial and injurious effect in determining the jury's verdict, and has not shown that the omission of the instructions so infected the entire trial that the resulting conviction violates due process. In addressing this claim, the Nevada Supreme Court ruled as follows:

> We conclude that the district court did not err in refusing to give Suratos proposed jury instructions on administrative violations, superceding cause, and collateral estoppel because they misstated the applicable law or were not supported by the evidence. See Vallery v. State, 118 Nev. 357, 373-74, 46 P.3d 66, 77-78(2002) (holding that defendant in elder abuse case was not entitled to instruction erroneously stating that violation of regulations is not a criminal act, or to instruction superceding cause when evidence showed conduct at issue was, at most, a concurrent, contributing cause); Carter v. State, 121 Nev. 759, 765, 121 P.3d 592, 596 (2005) (district court need not accept misleading, inaccurate or duplicitous jury instructions); see also Adler v. State, 95 Nev. 339, 346, 594 P.2d 725, 730 (1979) (holding that defendant was not entitled to theory instruction that was not a defense to the crime).
>
> The district court refused both the State's and Suratos' proffered instructions defining undue influence because there is no Nevada authority defining the term as it relates to the elder abuse statutes and

> the term is used in ordinary language. See NRS 175.161(2), (3) (providing that district court instructs the jury as it "thinks necessary" and must refuse instructions that are not pertinent). We note that the term undue influence was partially defined in an instruction to the jury and the definition proffered by Suratos would not have provided a complete theory of defense because undue influence was only one theory under which the jury could have found exploitation. See NRS 200.5092(2)(a); see also Adler, 95 Nev. at 346, 594 P.3d at 730 (upholding district courts refusal of instruction because, in part, the theory was not a complete defense). Therefore, we conclude that the district court did not abuse its broad discretion or commit judicial error in refusing this instruction.
>
> Finally, we conclude that the district court erred by refusing Suratos' proposed instruction defining "reasonable cause to believe." See NRS 200.50925(1). However, we conclude that the error did not contribute to the jury's verdict and therefore the error was harmless and no relief is warranted. See Crawford v. State, 121 Nev. 744, 756, 121 P.3d 582, 590 (2005).

(Exhibit 109, at pp. 3-5). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet the burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Habeas relief is denied as to Ground Five of the federal petition.

**IV. Certificate of Appealability**

In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a) of the Rules Governing Section 2254 and 2255 Cases. Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S.

473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's denial of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

**V. Conclusion**

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **DENIED IN ITS ENTIRETY**.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this _ 12th day of July, 2013.

UNITED STATES DISTRICT JUDGE